NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY DEAN SMITH; JACOB LEE ANAGICK, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ROBERT CORCORAN; G. SCOTT WELLARD, sued in their individual capacities, <br><br> Defendants-Appellees. | No. 17-35225 <br><br> D.C. No. 1:13-cv-00010-TMB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Alaska state prisoners Billy Dean Smith and Jacob Lee Anagick appeal pro

se from the district court's summary judgment in their 42 U.S.C. § 1983 action

alleging a due process claim arising from their placement in administrative

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary judgment and a defendant's entitlement to qualified immunity. *Hughes v. Kisela*, 862 F.3d 775, 779 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment on the basis of qualified immunity because plaintiffs failed to raise a genuine dispute of material fact as to whether their placement in administrative segregation implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) (the threshold question for a qualified immunity analysis is whether a defendant's conduct violated a constitutional right), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The district court did not abuse its discretion by denying plaintiffs' motion under Fed. R. Civ. P. 59(e) because they did not establish any grounds for relief. *See SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (setting forth standard of review and listing grounds warranting reconsideration under Rule 59(e)).

**AFFIRMED.**